United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 17, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41683
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EZEQUIEL LUIS AGUILAR-GARCIA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(5:04-CR-1084-ALL)
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Ezequiel Luis Aguilar-Garcia (Aguilar) appeals the sentence imposed following his guilty-plea conviction for being illegally present in the United States following deportation. As his sole point of error on appeal, Aguilar asserts that the district court committed reversible error when it sentenced him pursuant to a mandatory application of the Sentencing Guidelines held unconstitutional in United States v. Booker, 543 U.S. 220 (2005).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court committed "Fanfan error" when it sentenced Aguilar pursuant to a mandatory application of the Sentencing Guidelines. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005). We review a preserved Fanfan challenge for harmless error. See United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005). Under the harmless-error standard, the government bears the "arduous burden" of proving beyond a reasonable doubt that the district court would not have sentenced the defendant differently under an advisory-only guideline scheme. Id. at 464; United States v. Garza, 429 F.3d 165, 170 (5th Cir. 2005) (quotation and citation omitted).

We have rejected the argument that a "sentence in the middle of a Guidelines range establishes Booker error as harmless." Garza, 429 F.3d at 171. We have also rejected the notion that a district court's refusal to grant a downward departure establishes harmlessness. Id. Although the sentencing court did note that Aguilar had several immigration violations, it gave no indication that it would have imposed the same sentence under an advisory scheme. Accordingly, we VACATE Aguilar's sentence and REMAND the case for resentencing. See Garza, 429 F.3d at 171.